IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JEREMIAH MATTHEW BOGER and KRISTOPHER EDWARD BOGER, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER ON DEFENDANT JEREMIAH BOGER'S MOTION TO SEVER** <br><br> Case No. 4:24-cr-00029-AMA-PK <br><br> District Judge Ann Marie McIff Allen |

Before the Court is Defendant Jeremiah Matthew Boger's Motion to Sever.[1] Defendant requests that his case be severed from that of his co-defendant, Kristopher Edward Boger for purposes of trial.[2] The United States opposes this motion ("Opposition").[3] Upon consideration of the Motion, Opposition thereto, and the underlying facts and relevant law, the Court DENIES the Motion to Sever.

### I. BACKGROUND

Jeremiah and Kristopher Boger are timber contractors. While working on one such project, an alleged altercation between Defendants and a National Forest Service employee resulted in criminal charges.

---

[1] Docket No. 4:24-cr-00029, ECF No. 64.

[2] *Id.* at 1.

[3] ECF No. 69.

1

On March 12, 2024, Jeremiah Boger[4] was indicted for Assault on an Employee of the United States under 18 U.S.C. § 111(a)(1).[5] His co-defendant and brother, Kristopher Boger, was originally indicted for Assault with a Dangerous Weapon under 18 U.S.C. § 113(a)(3).[6] Defendants were arraigned on April 1, 2024.[7] The consolidated trial was set for June 11, 2024.[8]

The Defendants and the United States then moved the Court to continue the trial.[9] The Court granted that motion and set the jury trial for September 10, 2024.[10] On August 21, 2024, the United States filed a superseding indictment as to Kristopher Boger to change the charge to Assault on an Employee of the United States with a Dangerous Weapon under 18 U.S.C. § 111(a)(1) and (b).[11] That same day, Kristopher Boger moved the Court to continue the trial for 90 days due to the new charges.[12] The United States did not oppose the motion.[13]

On August 23, 2024, Jeremiah Boger filed this Motion to Sever arguing that continuing the consolidated trial would violate his speedy trial rights, cause undue economic damage and unfair prejudice, and that he was ready to move forward with

---

[4] For clarity purposes, the Court refers to individual Defendants by their first and last names.

[5] ECF No. 1, at 1-2.

[6] *Id.* at 2.

[7] ECF No. 11, 17.

[8] ECF No. 11.

[9] ECF No. 69.

[10] ECF No. 36.

[11] ECF No. 52, at 2.

[12] ECF No. 51, at 2.

[13] *Id.* at 3.

his trial on September 10, 2024.[14] On August 29, 2024, the United States informed the Court during a hearing that it had discovered a large amount of potentially discoverable information.[15]

Jeremiah Boger then moved the Court to continue the jury trial for 90 days to review the additional discovery documents.[16] The Court granted Jeremiah and Kristopher Boger's motions to continue and set a three-day jury trial on December 10, 2024.[17] The Court then moved the trial for scheduling purposes to its current date, December 11, 2024.[18]

## II.  DISCUSSION

### A.  Jeremiah Boger's Speedy Trial Rights are not Infringed.

Jeremiah Boger argues that his speedy trial rights would be infringed by a continuance of the September 10, 2024, consolidated trial.[19] Specifically, he argues that a delay would result in a violation of the time required to hold a trial under the Speedy Trial Act, and that he would suffer undue economic harm.[20] He also argues that his constitutional speedy trial right is infringed by a continuance.[21] All these contentions are moot and otherwise unpersuasive, in light of Jeremiah Boger's motion to continue the trial, which was granted by the Court, and also for the reasons

---

[14] ECF No. 64, at 2-4.

[15] *See* ECF No. 89.

[16] ECF No. 83, at 1-2.

[17] ECF No. 86.

[18] ECF No. 100.

[19] ECF No. 64, at 2-3.

[20] *Id.*

[21] *See* ECF No. 89 (asserting the constitutional speedy trial right briefly at the hearing).

3

outlined below.

>  1.     *Jeremiah Boger's Speedy Trial Rights are Not Infringed based on the Speedy Trial Act Deadline.*

The Speedy Trial Act requires that a defendant's trial begin within 70 days of his initial appearance. 18 U.S.C. § 3161(c). But that deadline often stretches beyond 70 calendar days because the Act excludes several recognized delay periods in the criminal process. *See* § 3161(h) (allowing delays for other proceedings involving the defendant, time to demonstrate good conduct, absence or unavailability of the defendant or an essential witness, mental incompetence, etc.). Specifically, the Act excludes time for "[a]ny period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel . . . if the judge granted such continuance on the basis of his [or her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).

Here, the Court granted Jeremiah Boger's motion to continue the trial for 90 days based on the requisite factors mentioned in 18 U.S.C. § 3161(h)(7).[22] Therefore, these days do not count toward the 70-day Speedy Trial Act clock. The time is excluded, and Jeremiah Boger's speedy trial clock remains below the 70-day bar under the current trial date. The Court also finds the undue economic harm argument irrelevant under the legal standard. Thus, Jeremiah Boger's Speedy Trial Act rights are not infringed because the Court granted his motion to continue under the

---

[22] ECF No. 86.

appropriate factors.

> ### 2. Jeremiah Boger's Constitutional Speedy Trial Rights are Not Infringed by Continuing the Trial.

Nor are Jeremiah Boger's constitutional speedy trial rights infringed by continuing the trial. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. CONST. amend. VI. The Supreme Court has articulated some of the factors a court should weigh when evaluating whether a defendant has been deprived of his Constitutional right to a speedy trial: (1) length of delay; (2) reason for the delay; (3) defendant's assertion of his right; and, (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The Court must consider three interests under the prejudice prong: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and, (iii) to limit the possibility that the defense will be impaired. *Id.* at 532. The last of these interests is the "most serious." *Id.* None of these factors or interests have "talismanic qualities; courts must still engage in the difficult and sensitive balancing process." *Id.* at 533.

But "until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* at 530. Indeed, there is only presumptive prejudice when "[d]elays approach[] one year . . . ." *U.S. v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006) (citing *Doggett v. United States*, 505 U.S. 647, 651-52 (1992); *Jackson v. Ray*, 390 F.3d 1254, 1261 (10th Cir. 2004)). "If the accused makes this showing," the other factors are assessed. *Jackson*, 390 F.3d at 1261 (citing *Doggett*, 505 U.S. at 652.).

*Length of Delay.* The length of delay between Jeremiah Boger's indictment

5

(March 12, 2024) and the current trial date (December 11, 2024) is just under nine months.[23] And Tenth Circuit caselaw has found numerous instances where delays within one year are not presumptively prejudicial. *See U.S. v. Abdush-Shakur*, 465 F.3d 458, 465 (10th Cir. 2006) (eleven-month delay not presumptively prejudicial); *U.S. v. Dirden*, 38 F.3d 1131, 1137-38 (10th Cir. 1994) (listing several cases and finding seven and one-half months is not presumptively prejudicial).

Jeremiah Boger references *Barker*, where the Supreme Court cited approvingly a First Circuit case which found a delay of nine months overly long, absent a good reason, because the case was founded on eyewitness testimony which may have gone stale. *See Barker*, 407 U.S. at 531 n.31 (citing *United States v. Butler*, 426 F.2d 1275, 1277 (1970)). But Jeremiah Boger makes no effort to show that his delay is unconstitutionally approaching one year. Where the delay here is no more than nine months and is therefore less than one year, there is no presumptive prejudice under Tenth Circuit and Supreme Court caselaw. *See Batie*, 433 F.3d at 1290. The Court need not examine the other factors and thus there is no infringement of Jeremiah Boger's constitutional speedy trial right.

Even if the Court found there was presumptive prejudice for approaching a one-year delay, the other factors do not change the outcome of the analysis.

*Reason for Delay.* The reason for delay is Jeremiah Boger's motion to continue, which appears to have been premised, at least in part, on his counsel's need for additional time to review documents in the wake of the United States' discovery of

---

[23] ECF No. 1, at 1-2.

potentially relevant information. There is no factual basis to infer that this delay is "[a] deliberate attempt to delay the trial in order to hamper the defense . . . ." *Id.* at 531. Indeed, every trial delay in this case has been due to Defendants' motions to continue,[24] including the most recent delay, which allowed counsel for Jeremiah Boger additional time to review relevant documentation. These facts do not support a finding of prejudice toward Jeremiah Boger.

*Assertion of Speedy Trial Right.* Jeremiah Boger timely and appropriately asserted his speedy trial right. This factor is therefore no barrier to Jeremiah Boger's assertion of his constitutional speedy trial right.

*Prejudice.* Jeremiah Boger argues that the 90-day delay in trial is too long because it will harm his economic interests.[25] The United States contests the factual assertions that Jeremiah Boger makes about his purported economic harm citing ongoing contracts with the Forest Service.[26] The United States further contends that Jeremiah Boger's contentions are about the conditions of his pretrial release order.[27]

The only cases Jeremiah Boger invokes in tangential support of his economic harm theory are *Barker* and an unpublished opinion from the District of New Mexico. ECF No. 64, at 3 (quoting *Barker*, 407 U.S. at 532 ("time spent in jail awaiting trial has a detrimental impact on the individual. It often means loss of a job; disrupts family life; and it enforces idleness."); *see also United States v. Baca*, 2016 WL

---

[24] *See* ECF Nos. 35, 51, 83 (joint and individual motions to continue the jury trial).

[25] ECF No. 64, at 3.

[26] ECF No. 69, at 9-10.

[27] *Id.* at 10.

7

6404772, at *32 (D.N.M. Oct. 20, 2016)).

But in *Barker*, the defendant was found to be only minimally prejudiced even though he spent 10 months in jail before trial. *Barker*, 407 U.S. at 534. This was because no witnesses died or otherwise became unavailable due to the delay, and he did not want a speedy trial. *Id.* at 534-35. In *Baca*, twelve defendants were charged with racketeering conspiracy, murder, and conspiracy to murder. *Baca*, 2016 WL 6404772, at *1. The district court concluded that one defendant was prejudiced because the delay would be too long and he was at risk of losing a key witness to cancer. *Id.* at *32. The court provided no analysis for why the delay would be too long. *See id.*

These cases do not support Jeremiah Boger's position. He is not incarcerated and did not spend ten months in jail like the defendant in *Barker*. Further, he does not argue that there is a risk eyewitnesses will be unavailable due to the delay. And there are no facts that suggest this may be so. The Court cannot rely on conclusory assertions that there is prejudice due to any time of delay, it must be presumptively prejudicial which Jeremiah Boger has failed to show.

Finally, Jeremiah Boger is not incarcerated because he is on pretrial release. He has alleged that he is concerned about not having the timber contracts associated with his job that he would otherwise have, due to his pretrial conditions.[28] However, the United States presents facts that Jeremiah Boger already has several continuing

---

[28] ECF No. 16, at 3 (Jeremiah Boger cannot "bid on any new forest service projects until [his] case is completed.").

contracts for timber removal with the National Forest Service.[29] And Jeremiah Boger's pretrial conditions obligate him to "maintain or actively seek verifiable employment . . . ."[30] There is no guarantee to a specific type of income source when a defendant is on pretrial release.

Lastly, the defense is unimpaired by a continuance because Jeremiah Boger moved for the continuance for more time to prepare. This Court granted his motion. He may not argue that there is prejudice to his case for a continuance he requested. Jeremiah Boger suffers no prejudice in the face of these facts, and there is thus no violation of his constitutional speedy trial rights.

### B. A Consolidated Trial does not Unfairly Prejudice Jeremiah Boger.

Jeremiah Boger next argues that he will be unfairly prejudiced by a consolidated trial.[31] He asserts that prejudice may result because the allegations against Kristopher Boger are "much more serious" and the jury may thus be prevented from making a reliable judgment.[32]

The United States may "charge [two] or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). "If . . . a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other

---

[29] ECF No. 69, at 9-10.

[30] ECF No. 16, at 2.

[31] ECF No. 64, at 4.

[32] ECF No. 64, at 4.

relief that justice requires." FED. R. CRIM. P. 14(a).

"[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. U.S.*, 506 U.S. 534, 539 (1993); *see also United States v. Stiger*, 413 F.3d 1185, 1197 (10th Cir. 2005). "Inasmuch as severance is a matter of discretion and not of right, the defendant must bear a heavy burden of showing real prejudice to his case." *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984).

*First*, as shown previously, there is no real prejudice resulting from Jeremiah Boger's purported delay of trial or alleged economic harm because it does not compromise a specific trial right like the right to speedy trial. This is, in part, because Jeremiah Boger moved for the continuance of trial.

*Second*, "a defendant cannot obtain severance simply by showing that the evidence against a co-defendant is more damaging than the evidence against [him]self." *U.S. v. Dazey*, 403 F.3d 1147, 1165 (10th Cir. 2005) (internal citations omitted). There may be some prejudice resulting from trying Jeremiah and Kristopher Boger together when each have separate and differing degrees of culpability. *Zafiro*, 506 U.S. at 539 ("When many defendants are tried together in a complex case and they have markedly different degrees of culpability, [the] risk of prejudice is heightened.").

But "Rule 14(a)'s prejudice standard requires a showing of actual prejudice,

which is not satisfied merely by pointing to a 'negative spill-over effect from damaging evidence presented against codefendants.'" *U.S. v. Caldwell*, 560 F.3d 1214, 1221 (10th Cir. 2009) (quoting *United States v. Wacker*, 72 F.3d 1453, 1468 (10th Cir. 1995)). Jeremiah Boger points to nothing more than a negative spillover effect from Kristopher Boger's trial evidence. The spillover effect is thus insufficient to overcome the "heavy burden" of showing real prejudice. Therefore, severance is unwarranted.

### III.   CONCLUSION

For the reasons discussed, Jeremiah Boger's Motion to Sever is **DENIED**.

SIGNED this 4th day of November, 2024.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge